Rabinowitz v Robert C. Gottlieb, P.C. (2018 NY Slip Op 08243)





Rabinowitz v Robert C. Gottlieb, P.C.


2018 NY Slip Op 08243


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7774 650929/17

[*1]Jerome Rabinowitz, Plaintiff-Respondent,
v
Robert C. Gottlieb, P.C., Defendant-Appellant.


Winget, Spadafora & Schwartzberg, LLP, New York (Dianna D. McCarthy of counsel), for appellant.
Aaron M. Goldsmith, New York, for respondent.



Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered on or about August 22, 2017, which denied defendant's motion to dismiss the complaint and to impose sanctions on plaintiff and/or his counsel, unanimously modified, on the law, to dismiss the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.
In a prior action brought by plaintiff, based upon identical facts and asserting the same claims, plaintiff willfully failed to comply with multiple disclosure orders and was precluded from testifying. His complaint was dismissed for failure to prosecute, and for "multiple failures to appear for video deposition without explanation." Plaintiff's motion to restore the case was also denied based on the preclusion order, the dismissal of the case, and the absence of an affidavit of merits. Under these circumstances, the prior dismissal order, which was not appealed, while not designated "on the merits," is entitled to res judicata effect, to prevent plaintiff from circumventing the effect of the preclusion decree (see Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737, 738 [1983]; Yates v Roco Co., 48 AD3d 800 [2d Dept 2008]).
However, the denial of defendant's application for sanctions was not an abuse of discretion (22 NYCRR 130-1.1[c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK